UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------X
RUTH CALDERÓN-CARDONA for the ESTATES OF  :
CARMELO CALDERÓN-MOLINA AND ELADIA        :
CARDONA-ROSARIO, et al.,                  :
                                          :
                    Plaintiffs,                     :
                                          :
  vs.                                     : Civil Action No.: 08cv1367(FAB)
                                          :
DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA,    :
a.k.a. NORTH KOREA, et al.                :
                                          :
                                          :
                    Defendants.                     :
------------------------------------------------------------------------X

**PLAINTIFFS' MOTION TO SCHEDULE A HEARING PURSUANT TO 28 U.S.C. § 1608(e)
AND FOR ENTRY OF JUDGMENT BY DEFAULT**

TO THE HONORABLE COURT:

      Plaintiffs hereby move to schedule a four to five day hearing on liability and damages pursuant to 28 U.S.C. § 1608(e) at any time convenient to the Court during the first half of September, 2009 or during the latter half of October 2009, and, following that hearing, for entry of judgment by default against defendants Democratic People's Republic of Korea and Cabinet General Intelligence Bureau.

      In support of their motion, the plaintiffs state as follows:

      1.      This is a civil action for wrongful death, personal injury, and related torts brought under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*, by the estate and families of U.S. nationals who were murdered or otherwise harmed as the result of a terrorist attack in Israel's Lod Airport on May 30, 1972. The attack was carried out by the Japanese Red Army and Popular Front for the Liberation of Palestine terrorist organizations using material support and resources provided by the

defendants, the Democratic People's Republic of North Korea ("North Korea") and North Korea's Cabinet General Intelligence Bureau ("CGIB"), which is North Korea's main intelligence agency.

2.      Plaintiffs served of process in this action on the defendants pursuant to the provisions of § 1608 of the FSIA, and after defendants failed to file an answer or motion to dismiss, or to otherwise respond or appear in this case, the Court entered the defendants' default on October 31, 2008 pursuant to Fed.R.Civ.P. 55(a). [Dkt. # 9].

3.      Section 1608(e) of the FSIA provides in relevant part that "No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e).

4.      Thus, notwithstanding defendants' default, the plaintiffs will be entitled to a default *judgment* only after establishing defendants' liability and their own damages "by evidence satisfactory to the Court." Id. "This 'satisfactory to the court' standard is identical to the standard for entry of default judgments against the United States in Federal Rule of Civil Procedure 55(e). Hill v. Republic of Iraq, 328 F.3d 680, 684 (D.C.Cir. 2003). In evaluating the plaintiffs' proof, the court may 'accept as true the plaintiffs' uncontroverted evidence,' Elahi v. Islamic Republic of Iran, 124 F. Supp.2d 97, 100 (D.D.C. 2000), including proof by affidavit, Weinstein v. Islamic Republic of Iran, 184 F. Supp.2d 13, 19 (D.D.C. 2002)." Wachsman ex rel. Wachsman v. Islamic Republic of Iran, --- F. Supp. 2d ----, 2009 WL 792223 at *4 (D.D.C. March 27, 2009) (footnote omitted).

5.      Plaintiffs intend to prove defendants' liability primarily through the testimony of several witnesses (including former intelligence officials and terrorism experts) with the requisite knowledge of the defendants' relationship with and provision of material support and resources to the

Japanese Red Army and Popular Front for the Liberation of Palestine at the relevant time. Plaintiffs will prove their damages both through their own testimony and through the testimony of experts on post-traumatic stress disorder, emotional distress, grief, and related areas. Plaintiffs' estimate that a four to five day hearing will be required to present their liability and damages testimony.

6. Plaintiffs' experts (particularly their liability experts) require some additional time to finalize their testimony and preparations for trial. Due to this need, and because of various scheduling conflicts and prior commitments (involving both their witnesses and their counsel,) plaintiffs will be prepared to proceed with the § 1608 hearing at any time following September 1, 2009.

7. Plaintiffs respectfully note, however, that a large number of religious holidays which are observed by plaintiffs' counsel fall between mid-September and mid-October 2009. Accordingly, plaintiffs respectfully request that the Court set the hearing on any dates convenient to the Court any time after October 15, 2009.

8. Plaintiffs respectfully propose that following the conclusion of the § 1608 hearing, they submit to the Court a detailed Proposed Findings of Fact and Conclusions of Law, which would assist the Court in preparing its opinion. Additionally, if the Court so desires, plaintiffs also stand ready to submit a pre-trial memorandum prior to the hearing, addressing any issues the Court deems appropriate.

9. Pursuant to this Court's Local Rule 55(b), a copy of the present motion is being mailed to the last known address of the parties from whom damages are sought.

**WHEREFORE**, plaintiffs request that the Court schedule a four to five day damages hearing after October 15, 2009, and that following that hearing the Court enter an opinion directing entry of judgment by default against the defendants.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 30th day of April 2009.

                                                S/ Manuel San Juan
                                                _____
                                                USDC-PR 204706
                                                P.O. Box 9023587
                                                San Juan, Puerto Rico 00902-3587
                                                Tel.: (787) 723-6637; 723-6669
                                                Facsimile: (787) 725-2932

                                                Attorneys for Plaintiffs
                                                Gary M. Osen
                                                Naomi B. Weinberg
                                                Aaron Schlanger
                                                700 Kinderkamack Road
                                                Oradell, New Jersey 07649
                                                Tel.: (201) 265-6400
                                                Facsimile: (201) 265-0303

                                                NITSANA DARSHAN-LEITNER & ASSOCIATES
                                                Nitsana Darshan-Leitner, Esq.
                                                11 Havatikim Street
                                                Petah Tikva, 49389 Israel
                                                Telephone : (972) 03-7361519
                                                Facsimile: (972) 03-7361520